CONTINENTAL GRAIN COMPANY, Petitioner, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Fifth District No. 5—84—0044

Opinion filed March 1, 1985.

Petition for review of order of Pollution Control Board.

Richard J. Kissel, Jeffrey C. Fort, Roy M. Harsch, and Frederick L. Moore, Jr., all of Martin, Craig, Chester & Sonnenschein, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Greig R. Siedor, Assistant Attorney General, of counsel), for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Continental Grain Company (Continental) seeks direct review of two consolidated administrative orders of the Illinois Pollution Control Board (PCB) pursuant to section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1979, ch. 111½, par. 1041) and Illinois Supreme Court Rule 335 (87 Ill. 2d R. 335). The first order (PCB 79–167) affirmed the decision of the Illinois Environmental Protection Agency (IEPA) to deny Continental's request for an operating permit for its grain elevator located in East St. Louis township. The other order appealed from (PCB 79–26) imposed a $10,000 penalty against Continental for failing to comply with Air Pollution Rule 203(d)(8)(B)(iv)(c)(2). Ill. P.C.B. Rules & Regs., ch. 2, Rule 203(d)(8)(B)(iv)(c)(2), now codified in 35 Ill. Adm. Code sec. 212.462(d)(3).

Under Air Pollution Rule 203(d)(8)(B)(iv)(c)(2), watercraft grain loading facilities which loaded in excess of 2 million bushels of grain per year and also were situated within a major population area were required to achieve a 98% removal efficiency for particulate emissions. The term "major population area" was defined in Air Pollution Rule 201 (Ill. P.C.B. Rules & Regs., ch. 2, R. 201, now codified in 35 Ill. Adm. Code sec. 211.122), which stated in pertinent part:

"Major Population Area (MPA): Areas of major population concentration in Illinois, as described below:
* * *
The area within the townships of Godfrey, Foster, Wood River, Fort Russell, Chouteau, Edwardsville, Venice, Nameoki, Alton,

Granite City and Collinsville located in Madison County; and the townships of Stites, Canteen, Centreville, Caseyville, St. Clair, Sugar Loaf and Stookey located in St. Clair County."

Continental contended before the PCB that its East St. Louis grain handling facility was not governed by Air Pollution Rule 203(d)(8)(B)(iv)(c)(2) because the facility was not located in a major population area as defined in Air Pollution Rule 201. The PCB, while recognizing that East St. Louis township was not included in the definition of major population area, nevertheless concluded that Rule 203(d)(8)(B)(iv)(c)(2) was intended to cover this area. We reverse.

■ While the PCB's interpretation of its own rules usually is given great weight, this court will reverse a PCB construction of a rule which is considered unreasonable, arbitrary or capricious. (See *Environmental Protection Agency v. Pollution Control Board* (1983), 118 Ill. App. 3d 772, 780, 455 N.E.2d 188, 194; *Olin Corp. v. Pollution Control Board* (1977), 54 Ill. App. 3d 480, 483, 370 N.E.2d 3, 5-6.) We find that since Air Pollution Rule 203(d)(8)(B)(iv)(c)(2) expressly applied only if the grain handling facility was located in a specified major population area and since East St. Louis township was not included in the definition of major population area in Air Pollution Rule 201, the PCB erroneously found that East St. Louis township was governed by Rule 203(d)(8)(B)(iv)(c)(2).

■ The Attorney General urges that we accept the PCB interpretation and adopt a construction of the Air Pollution Rules based upon the intent of the drafters. We reject this contention. Interpretation and construction of an administrative agency's rules are governed by the same rules which are applicable to statutes. (*Olin Corp. v. Pollution Control Board* (1977), 54 Ill. App. 3d 480, 483, 370 N.E.2d 3, 5; *May v. Pollution Control Board* (1976), 35 Ill. App. 3d 930, 933, 342 N.E.2d 784, 787.) Rules of construction are useful only where there is doubt as to the meaning of a statute, and a court may not alter that meaning beyond the clear import of the language employed therein. (*Pielet Brothers Trading, Inc. v. Pollution Control Board* (1982), 110 Ill. App. 3d 752, 755, 442 N.E.2d 1374, 1377.) To accept the PCB's interpretation of its Air Pollution Rules in the instant case would require us to ignore the plain language of those rules. Additionally, as Continental points out in its brief, the PCB's interpretation, in effect, circumvents the usual rulemaking procedure and allows the PCB to amend a rule through construction. The fact is that the language utilized in Air Pollution Rules 203(d)(8)(B)(iv)(c)(2) and 201 clearly does not include grain facilities located in East St. Louis township. While this may well amount to an oversight, it is one

which must be rectified by proper amendment of the rules. In the interim, the PCB is bound to follow the rules as stated. Therefore, we conclude that the PCB erred in affirming the decision of the IEPA to deny plaintiff's application for an operating permit (PCB 79—167) and in imposing the $10,000 penalty against plaintiff (PCB 79—26).

For the reasons stated, the orders of the Illinois Pollution Control Board designated as PCB 79—167 and PCB 79—26 are reversed; and cause No. PCB 79—167 is remanded to the PCB for further action consistent with this opinion.

Reversed and remanded.

JONES, P.J., and KARNS, J., concur.